NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| CLAUDIA BEJARANO, | : | |
| | : | Civil Action No. 12-7781 |
| Plaintiff, | : | |
| | : | |
| v. | : | **OPINION** |
| | : | |
| RADISSON HOTELS INTERNATIONAL INC., HOTEL EXECUTIVE SUITES, MICHELE MELARIO, MAYANK RAY, DIVYAKANT PATEL, HARSHAD PATEL, MUER MANAGEMENT, INC., JOHN DOES 1-5, ABC CORPORATIONS 1-5. | : | February 19, 2015 |
| Defendants. | | |

**WIGENTON**, District Judge.

Before this Court is Defendants' Harshad Patel, Divyakant Patel, Muer Management Inc., and Hotel Executive Suites ("Defendants") motion for summary judgment pursuant to Federal Rule of Civil Procedure 56 ("Motion").

This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1332.  Venue is proper pursuant to 28 U.S.C. § 1391.  This motion is decided without oral argument pursuant to Federal Rule of Civil Procedure 78.

For the reasons discussed below, this Court **DENIES** Defendants' Motion.

I.  **FACTUAL AND PROCEDURAL HISTORY**

a.  **Facts**

Plaintiff Claudia Bejarano ("Plaintiff"), was an employee of the Radisson Hotel in Carteret, New Jersey from August 5, 2007 until her termination on December 23, 2010.  (Compl. ¶16.)  At the time of her termination, Plaintiff was employed by Defendant, Radisson Hotels International,

1

Inc. ("Radisson Hotels").  (*Id*. at ¶17.)  During her employment, Plaintiff worked as a full-time Housekeeping Manager, performing such duties as: inspecting rooms, making schedules and supervising a team of ten (10) housekeepers.  (*Id*. at 16.)  At all times relevant, Radisson Hotels employed more than fifty (50) employees (*Id.* at ¶18.)

On or about December 22, 2010, Plaintiff's nine (9) year old daughter suffered an asthma attack.  (Compl. ¶21.)  Plaintiff informed her immediate supervisor, Michele Melario ("Melario") that she would be unable to report to work because her daughter was ill and required medical attention.  (*Id*.)  After treating Plaintiff's daughter, the doctor advised Plaintiff that her daughter needed to be kept home until the following week due to the severity of her asthma attack.  (*Id*.) Plaintiff requested Family and Medical Leave Act ("FMLA") protected leave in order to care for her daughter's serious health condition for this day.  (*Id*.)  Plaintiff had worked for more than 1250 hours in the twelve (12) months before making a request for medical leave.  (*Id*. at ¶20).

On December 23, 2010, per the doctor's orders, Plaintiff informed her supervisor that she needed to take additional FMLA-protected medical leave for the next three (3) days (Thursday, December 23, 2010 until Saturday, December 25, 2010) in order to care for her daughter.  (Compl. ¶22.)  Melario, and the Radisson Hotel's owner, Mayank Ray ("Ray"), denied Plaintiff's request for leave and terminated her on December 23, 2010.  (Compl. ¶24.)

At the time of her termination, Plaintiff was an employee of Muer Management Inc. ("Muer") (Plaintiff's Statement of Facts ("Pl.'s SOF") ¶1.)  Muer owned the Carteret Radisson location where Plaintiff worked.  (Defendant's Motion for Summary Judgment Statement of Facts ("Def.'s Mot. Summ. J. SOF") 2.)   In May 2012, Defendants Harshad Patel and Divyakant Patel assumed one hundred percent (100%) ownership of Muer from Ray.  (Defendant's Statement of Facts ("Def.'s SOF") ¶1.)

### b. Procedural History

On December 20, 2012, Plaintiff filed her Complaint against Defendants, Melario, Ray, and Radisson Hotels International Inc., claiming violations of the Family and Medical Leave Act ("FMLA") and the New Jersey Family Leave Act ("FLA"). (Compl. ¶1.)

In July 2013, Plaintiff voluntarily dismissed Defendant, Radisson Hotels International Inc.[1] (Dkt. No. 15.) On October 4, 2013, the civil case was terminated, subject to a Motion to Reinstate. (Dkt. No. 20.) On December 29, 2013, Plaintiff made a Motion to Reinstate and, on March 3, 2014, an Order Reopening the case was entered. (*See* Dkt. No. 21, 24.) On June 19, 2014, Plaintiff filed a Motion to Amend the Complaint and extend/reopen discovery, which was denied on August 27, 2014. (Dkt. No. 34) On October 3, 2014, Defendants filed the instant Motion for summary judgment and, on October 17, 2014, Plaintiff opposed. (Dkt. No. 40.)

## II. LEGAL STANDARD

Summary judgment is appropriate "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The "mere existence of *some* alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no *genuine* issue of *material* fact." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247-48 (1986). A fact is only "material" for purposes of a summary judgment motion if a dispute over that fact "might affect the outcome of the suit under the governing law." *Id.* at 248. A dispute about a material fact is "genuine" if "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Id.* The dispute is not genuine if it merely involves "some metaphysical

---

[1] In Plaintiff's Opposition Brief, Plaintiff indicates that the suit against Radisson Hotels was voluntarily dismissed on July 8, 2012, but the docket provides that it was dismissed in July 2013.

doubt as to the material facts." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986).

The moving party must show that if the evidentiary material of record were reduced to admissible evidence in court, it would be insufficient to permit the nonmoving party to carry its burden of proof. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986). Once the moving party meets its initial burden, the burden then shifts to the nonmovant who must set forth specific facts showing a genuine issue for trial and may not rest upon the mere allegations, speculations, unsupported assertions or denials of its pleadings. *Shields v. Zuccarini*, 254 F.3d 476, 481 (3d Cir. 2001). "In considering a motion for summary judgment, a district court may not make credibility determinations or engage in any weighing of the evidence; instead, the non-moving party's evidence 'is to be believed and all justifiable inferences are to be drawn in his favor.'" *Marino v. Indus. Crating Co.*, 358 F.3d 241, 247 (3d Cir. 2004) (quoting *Anderson*, 477 U.S. at 255).

The nonmoving party "must present more than just 'bare assertions, conclusory allegations or suspicions' to show the existence of a genuine issue." *Podobnik v. U.S. Postal Serv.*, 409 F.3d 584, 594 (3d Cir. 2005) (quoting *Celotex Corp.*, 477 U.S. at 325). Further, the nonmoving party is required to "point to concrete evidence in the record which supports each essential element of its case." *Black Car Assistance Corp. v. New Jersey*, 351 F. Supp. 2d 284, 286 (D.N.J. 2004). If the nonmoving party "fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which . . . [it has] the burden of proof," then the moving party is entitled to judgment as a matter of law. *Celotex Corp.*, 477 U.S. at 322-23. The nonmoving party cannot defeat summary judgment simply by asserting that certain evidence submitted by the moving party is not credible. *S.E.C. v. Antar*, 44 Fed. Appx. 548, 554 (3d Cir. 2002).

**III.   DISCUSSION**

To set forth a prima facie case of retaliation under the FMLA plaintiff must show the following:  1) plaintiff invoked her rights to FMLA benefits; 2) suffered an adverse employment decision; and 3) "the adverse action was causally related to her invocation of rights."  *Lichtenstein v. Univ. Of Pittsburgh Med. Ctr.*, 691 F. 3d 294, 302 (3d Cir. 2012).  Once plaintiff has set forth a prima facie claim for retaliation, the burden will shift to the defendants to articulate a legitimate, non-discriminatory reason for their action.  *See McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 93 S.Ct. 1817, 36 L.Ed.2d 668 (1973).

As discussed below, Defendants' Motion does not focus on the plaintiff's ability to maintain her claims of retaliation under FMLA.  Rather, the Motion focuses on issues of liability for such a claim.

### A.  Defendants Harshad Patel and Divyakant Patel

Defendants Harshad Patel and Divyakant Patel assert that summary judgment is appropriate in their favor because when they assumed control of the Carteret Radisson location in 2012, it was well after Plaintiff was terminated from employment and therefore they did not assume liability for any claim she may have against the Carteret Radisson before they took control. (Defendant's Motion for Summary Judgment ("Def.'s Mot. Summ. J.") 4.)  Defendants primarily argue that as Ray and Melario were the direct parties involved, and because they themselves, Harshad Patel and Divyakant Patel, had no direct involvement in the decision to terminate Plaintiff, they should not be held liable.  (*Id.*)

However, Plaintiff argues that Defendants Harshad Patel and Divyakant Patel did assume liability of all prior claims when they took control over the Carteret Radisson Hotel in May 2012. (Pl.'s Opp. 5.)  Plaintiff primarily relies on the assertion that Harshad Patel and Divyakant Patel

5

entered into a settlement agreement with the previous owners in which they agreed to assume the liabilities of the Radisson Hotels. (*Id.* at 6). The Settlement Agreement provision titled "Release of Ray and Urvi by the Parties", reads as follows:

> "[E]ach Party for themselves and their subsidiaries, divisions… do hereby release, remise… and forever discharge Ray and Urvi as well as their past, present and future partners, servants… and all other persons, firms, partnerships or corporations liable, or who might be claimed to be liable, or who the parties have alleged might be liable of and from Muer and Muer Restaurant ***liabilities and obligations of the past, present and future, any claim of wrongdoing, negligence, and/or fraudulent activity with respect to the accounting and/or operations of Muer prior to the execution of this Settlement.***"

(Dkt. No. 37-1, Sec. 13 (emphasis added).) Further, Plaintiff argues that Defendant Harshad Patel admitted at his deposition that he agreed to release Ray from any claim of wrongdoing, negligence, or fraudulent activity associated with the hotel prior to the execution of the document that was not in excess of 7.2 million dollars. (Patel Dep. 30:11-16, Apr. 28, 2014).

At this time, summary judgment with regard to Defendants, Harshad Patel and Divyakant Patel, is not appropriate. There is a genuine issue of material fact as to whether Defendants Harshad Patel and Divyakant Patel assumed liability of all the hotel's responsibilities prior to execution of the settlement agreement.

### B. Defendants Muer and Hotel Executive Suites

Defendants, Muer and Hotel Executive Suites argue that summary judgment is proper because there has been no evidence to establish that either of these Defendants were Plaintiff's employer at the time of her termination. (Def.'s Mot. Summ. J. 4.) Defendants rely heavily on the fact that Plaintiff does not allege in her complaint if either of these Defendants actually employed Plaintiff but instead says she is employed by Radisson Hotels (*Id.* at 5.) Defendants also argue

6

that Plaintiff has not even produced paystubs to prove that Muer and/or Hotel Executive Suites were her actual employer at the time of her termination. (*Id.*)

In the alternative, Plaintiff argues that summary judgment is improper because Defendants, Muer and Hotel Executive Suites, were her employers based on the "successor-in-interest" theory. (Pl.'s Opp. 8.) Plaintiff presents evidence from the Department of Labor Relations regarding its eight-factor test that is used to evaluate whether an employer is a "successor in interest" for purposes of FMLA entitlement.[2] (*Id.*) The main factor plaintiff relies on is the "substantial continuity of the same business operations" factor. (*Id.*) Plaintiff asserts that because Muer and Executive Hotel Suites came in and assumed responsibility over the Carteret Radisson location and did not change anything, including the business services offered, amenities, or staff, there was substantial continuity. (*Id.* at 9.)

There is a genuine issue of material fact as to whether Muer and/or Hotel Executive Suites assumed liability of the Carteret Radisson location and whether Defendants assumed liability of all prior obligations when they took control of the Carteret Radisson location. As such, this Court denies Defendants' Motion.

## IV.    CONCLUSION

For the reasons set forth above, Defendants' Motion is **DENIED**. An order consistent with this Opinion follows.

s/ Susan D. Wigenton, U.S.D.J.

Orig:  Clerk
cc:    Parties
       Magistrate Judge Mannion

---

[2] Plaintiff notes that the Department of Labor regulations are not binding, but argue they should be given deference while citing *Chevron U.S.A., Inc. v. NRDC*, 467 U.S. 837, 104 S.Ct. 2778 (1984).