UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

NOT FOR PUBLICATION

| | |
|---|---|
| BEJARANO,<br><br>     Plaintiff,<br><br>v.<br><br>HOTEL EXECUTIVE SUITES, *et al.*,<br><br>     Defendants. | Civil Action No.<br><br>2:12-CV-7781-SDW-SCM<br><br><br>**OPINION AND ORDER ON PLAINTIFF'S MOTION FOR LEAVE TO AMEND**<br><br>**[D.E. 81]** |

**STEVEN C. MANNION**, United States Magistrate Judge:

Before the Court is Plaintiff Claudia Bejarano's ("Ms. Bejarano") motion for leave to file an Amended Complaint.[1] Having reviewed and considered the arguments raised in the parties' submissions and during oral argument on November 30, 2015, and for the reasons set forth herein, the Court **GRANTS** Ms. Bejarano's motion for leave to amend.

I.    <u>**BACKGROUND AND PROCEDURAL HISTORY**</u>

Ms. Bejarano brings this action for violation of her rights under the Family Medical Leave Act and New Jersey Family Leave Act.[2]  Ms. Bejarano worked as a Housekeeping Manager at the

---

[1] (ECF Docket Entry ("D.E.") 81).

[2] (D.E. 1, Compl.).

1

Radisson Hotel in Carteret, New Jersey from August 5, 2007 until her termination on December 23, 2010.[3] Defendant Hotel Executive Suites is a successor-in-interest to the Radisson Hotel, which went out of business and was managed by Defendant Muer Management, Inc.[4] (hereinafter referred to collectively as "Defendants").

On or about December 22, 2010, Ms. Bejarano's nine year old daughter suffered an asthma attack.[5] Ms. Bejarano requested FMLA-protected medical leave and informed her supervisor that she would be unable to work due to her daughter's illness.[6] The doctor advised Ms. Bejarano to keep her daughter at home until the following Monday due to the severity of her asthma attack.[7] On December 23, 2010, Ms. Bejarano requested additional FMLA-protected medical leave for the next three days (Thursday, December 23, 2010 until Saturday, December 25, 2010) in order to

---

[3] (*Id.* at ¶6).

[4] (*Id.* at ¶8).

[5] (Compl. ¶21.)

[6] (*Id.* at ¶21).

[7] (*Id.*).

2

care for her daughter at home.[8]  Ms. Bejarano's request for leave
was denied and she was terminated by Defendants that same day.[9]

Ms. Bejarano commenced this action on December 20, 2012.[10]
The initial scheduling order set fact discovery to remain open
through November 1, 2013, and motions to amend pleadings to be
filed no later than October 1, 2013.[11]  Fact discovery was
subsequently extended to May 1, 2014, but the deadline for
motions to amend was not extended.[12]  On June 19, 2014, Ms.
Bejarano filed a motion to amend her complaint to add
"Compensation Solutions, Inc." and Jagruti Patel as defendants.[13]
The Court denied the motion to amend and found that Ms. Bejarano
did not demonstrate good cause exists.[14]  The Court also denied
Ms. Bejarano's request to extend discovery.[15]

---

[8] (*Id.* at ¶22).

[9] (*Id.* at ¶24).

[10] (D.E. 1).

[11] (D.E. 16).

[12] (D.E. 25).

[13] (D.E. 34).

[14] (D.E. 38).

[15] (*Id.*).

On October 1, 2014, Defendants moved for summary judgment,[16] which was denied by the Court on February 19, 2015.[17]

On August 31, 2015, counsel appeared for a Final Pretrial Conference and *in limine* hearing before the Honorable Susan D. Wigenton, U.S.D.J.[18]   During that hearing, counsel discussed outstanding discovery.   Furthermore, Ms. Bejarano's counsel indicated that on about July 29, 2015, he obtained new discovery from Ms. Bejarano's mother and served it on the defense two weeks later.   The "new" evidence included the following: a) W-2 for 2007 listing "Compsolutions of New Jersey" as Ms. Bejarano's employer; b) W-2 for 2007 listing "Muer Management, Inc." as Ms. Bejarano's employer; c) W-2 for 2009 listing "Compsolutions of New Jersey" as Ms. Bejarano's employer; and d) W-2 for 2010 listing "Compsolutions of New Jersey" as Ms. Bejarano's employer.

Because of the new discovery, both counsel were instructed to submit a joint discovery plan regarding discovery needed to have this case trial ready.[19]   On October 8, 2015, the Court issued an Amended Scheduling Order, re-opening discovery until

---

[16] (D.E. 39).

[17] (D.E. 44).

[18] (D.E. 70).

[19] (D.E. 71).

December 18, 2015, and setting the deadline for requesting leave to file a motion to amend to November 23, 2015.[20]

Ms. Bejarano attempted to obtain consent to the amended pleading on October 20, 2015.[21]   In her proposed amended complaint, Ms. Bejarano seeks to add Compsolutions of New Jersey as a defendant, as well as add further detail to her allegations.   Defense counsel objected to the amended pleading, on the grounds that this issue has previously been decided by the Court, and no new evidence has been produced to justify the amended complaint at this time.[22]   Having failed to obtain consent, Ms. Bejarano requested the Court to resolve the issue during the in-person conference scheduled for November 30, 2015.

## II.   **DISCUSSION**

### A. **§ 636, Magistrate Judge Authority**

Magistrate judges are authorized by 28 U.S.C. § 636(b)(1)(A) to decide any non-dispositive motion designated by the Court. This District has specified that magistrate judges may determine any non-dispositive pre-trial motion.[23]   Motions to

---

[20] (D.E. 79).

[21] (D.E. 81).

[22] (D.E. 81-3).

[23] L. Civ. R. 72.1(a)(1).

amend are non-dispositive.[24]  Decisions by magistrate judges must be upheld unless "clearly erroneous or contrary to law."[25]

B. **Analysis**

Federal Rule of Civil Procedure 15 governs motions to amend.  Rule 15(a) provides that "a party may amend its pleading only with the opposing party's written consent or the court's leave."  The decision to grant or deny leave to amend under Rule 15(a) is "committed to the sound discretion of the district court."[26]  While courts have broad discretion to decide motions to amend, they are to "heed Rule 15(a)'s mandate that amendments are to be granted freely in the interests of justice."[27]  This ensures that "a particular claim will be decided on the merits rather than on technicalities."[28]  "[A] general presumption exists in favor of allowing a party to amend its pleadings."[29]

---

[24]  *Continental Cas. Co. v. Dominick D'Andrea, Inc.*, 150 F.3d 245, 251 (3rd Cir. 1998) (internal citations omitted).

[25]  28 U.S.C. § 636(b)(1)(A).

[26]  *Arab African Int'l Bank v. Epstein*, 10 F.3d 168, 174 (3d Cir. 1993).

[27]  *Voilas et al. v. General Motors Corp., et al.*, 173 F.R.D. 389, 396 (D.N.J. 1997) (internal citations and quotations omitted); Fed. R. Civ. P. 15(a)(2).

[28]  *Dole v. Arco Chem. Co.,* 921 F.2d 484, 487 (3d Cir. 1990) (internal citation omitted).

[29]  *Del Sontro v. Cendant Corp.,* 223 F. Supp. 2d 563, 576 (D.N.J. 2002) (citing *Boileau v. Bethlehem Steel Corp.*, 730 F.2d 929, 938 (3d Cir. 1984)) (internal quotations omitted).

In the absence of unfair prejudice, futility of amendment, undue delay, bad faith, or dilatory motive, the court must grant a request for leave to amend.[30]

Defendants argue that this issue had already been decided by the Court, and that no new evidence has been produced to justify amending the complaint at this time.[31]   While the Court previously denied Ms. Bejarano's motion to amend to add "Compensation Solutions, Inc." as a defendant, the circumstances at that time warranted that ruling.   First, the entity that Ms. Bejarano previously sought to add is different from the entity she is now seeking to add after finding new discovery, i.e. Compsolutions of New Jersey ("Compsolutions").   Second, even if the two entities are actually the same entity, more discovery has surfaced regarding Compsolutions to allege with greater specificity its involvement in the instant proposed amended complaint.   As Defendants had indicated at that time in their opposition brief, the involvement of Compsolutions in any of the alleged actions was not clear in the previous proposed amended complaint.[32]   As Defendants had stated, it would have been futile at that time to add Compsolutions as a defendant if

---

[30] *Grayson v. Mayview State Hosp.,* 292 F. 3d 103, 108 (3d Cir. 2002).

[31] (D.E. 81-3).

[32] (D.E. 37).

Compsolutions did not enter the picture until after July of 2012.[33]  These questions were resolved in part through the new evidence obtained.   Third, at the time the previous motion to amend had been denied, discovery had closed, and the deadline for motions to amend had expired.   The Court, at that time, found that Ms. Bejarano had not demonstrated good cause to amend her pleading.

The circumstances behind Ms. Bejarano's instant request to amend are different.   Not only is the entity that Ms. Bejarano is seeking to sue a different entity, but the District Judge reopened discovery.   The new evidence that Ms. Bejarano obtained at around July of 2015 supports her proposed new allegations that Compsolutions employed Plaintiff from 2007 to 2010, and the new proposed amended complaint provides more detail regarding Compsolutions.   The instant proposed amended complaint addresses Defendants' prior concerns, stating that Compsolutions was an employer of Plaintiff from August 2007 to December 2010.   The proposed amended complaint also includes specific counts as to Compsolutions.

Thus, the Court finds that Plaintiff did not unduly delay seeking to amend her complaint to add further detail regarding Compsolutions as a party, as this detail was retrieved at around

---

[33] (*Id.*).

July of 2015.   The Court also finds that the proposed amended complaint is not futile, as the proposed allegations indicate that Compsolutions employed Ms. Bejarano during the time frame at issue.   The Court does not find that any unfair prejudice would result from allowing Ms. Bejarano to amend her complaint. Because fact discovery was re-opened and the deadline had not expired when leave was sought.   Defendants will be able to obtain additional discovery on the new allegations in the amended complaint.

An appropriate Order follows.

### ORDER

IT IS on this Friday, December 04, 2015,

1. **ORDERED** that Plaintiff's request for leave to amend[34] is **GRANTED**; and it is further

2. **ORDERED** that Plaintiff shall file her amended pleading within the next seven days; and it is further

3. **ORDERED** that Plaintiff shall serve the Amended Complaint upon Compsolutions of New Jersey as soon as practicable and in accordance with the Federal Rules; and it is further

4. **ORDERED** that upon confirmation of service of the Amended Complaint upon Compsolutions of New Jersey, Plaintiff shall provide Compsolutions counsel with copies of all

---

[34] (D.E. 81).

disclosures and discovery produced in this case; and it is
further

5. **ORDERED** that defendants who have already been served shall
respond to the amended pleading within fourteen days of
receiving the Amended Complaint as required by Rule
15(a)(3).



Honorable Steve Mannion, U.S.M.J.
United States District Court,
for the District of New Jersey
phone: 973-645-3827

12/4/2015 5:08:32 PM

Original: Clerk of the Court
cc:  All parties
     File