UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

CLAUDIA BEJARANO,

    *Plaintiff*,

v.

RADISSON HOTELS INTERNATIONAL INC, ET AL,

    *Defendants*.

Civil Action No. 12-7781

**ORDER**

**John Michael Vazquez, U.S.D.J.**

    **THIS MATTER** comes before the Court by way of Plaintiff Claudia Bejarano's unopposed Motion for Default Judgment as to Defendant Mayank Ray, D.E. 109; and it

    **APPEARING** that even when a party is actually in default "the other side is not entitled to the entry of default judgment as of right, and the entry of such a judgment is left primarily to the discretion of the district court." *Sanchez v. Franzzano*, No. 15-2316 (KSH)(CLW), 2016 WL 2892551, at *1 (D.N.J. May 12, 2016); and it further

    **APPEARING** that in evaluating whether to enter default judgment pursuant to Fed. R. Civ. P. 55(b), the court must determine whether (1) it has subject matter jurisdiction over the matter and personal jurisdiction over the parties, (2) the parties have properly been served, (3) the complaint sufficiently pleads a cause of action,[1] and (4) the plaintiff has proven damages. *Days*

---

[1] In this context, courts use the Fed. R. Civ. P. 12(b)6) motion to dismiss standard to determine whether there is a legitimate cause of action. *See Mineo v. McEachern*, No. 12-1950, 2014 WL 2197032, at *2 (D.N.J. May 27, 2014) (denying motion for default judgment and vacating Clerk's entry of default because plaintiff failed to pled a sufficient federal RICO claim pursuant to Rule

*Inn Worldwide, Inc. v. Tulsipooja Hospitality, LLC*, No. 15-5576, 2016 WL 2605989, at *2 (D.N.J. May 6, 2016). The Court must also consider "(1) whether the party subject to default has a meritorious defense, (2) the prejudice suffered by the party seeking default, and (3) the culpability of the party subject to default." *Animal Science Prods., Inc. v. China Nat'l Metals & Minerals Import & Export Corp.*, 596 F. Supp. 2d 842, 849 (D.N.J. 2008); and it further

**APPEARING** that the Court must accept all well-pleaded facts in the pleadings as true, except as to damages. *Chanel, Inc. v. Gordashevsky*, 558 F. Supp. 2d 532, 535-36 (D.N.J. 2008); *see also Int'l Union of Operating Eng'rs of E. Pa. & Del. Benefit Pension Fund. v. N. Abbonizio Contractors, Inc.*, 134 F. Supp. 3d 862, 865 (E.D. Pa. 2015). If damages are not mathematically computable or liquidated, <u>a plaintiff must prove the damages sought</u>. A court has discretion to hold a hearing to establish the plaintiff's damages or to rely on documentary evidence. *See Rainey v. Diamond State Port Corp.*, 354 F. App'x 722, 724 (3d Cir. 2009); *Comdyne I, Inc. v. Corbin*, 908 F.2d 1142, 1149 (3d Cir. 1990); *Malik v. Hannah*, 661 F. Supp. 2d 485, 490 (D.N.J. 2009); and it further

**APPEARING** that "[i]f a default is entered against some defendants in a multi-party case, the preferred practice is for the court to withhold granting default judgment until the action is resolved on its merits against the non-defaulting defendants." *Animal Science Prods., Inc.*, 596 F. Supp. 2d at 849; *see also* 10A Charles A. Wright et al, Fed. Prac. & Proc. § 2690 (3d ed. 2015) (when several defendants have closely related defenses "entry of judgment also should await an adjudication of the liability of non[-]defaulting defendants"). This is because courts do not want

---

12(b)(6)); *Budge v. Arrianna Holding Co., LLC*, No. 13-56, 2014 WL 1705830, at *5 (D.N.J. Apr. 29, 2014) ("A court will deny a default judgment if the complaint fails to state a claim under the motion to dismiss standard."). The Court is not deciding this issue, whether Plaintiff has sufficiently pled legitimate causes of action, at this time and this Order is not to be construed to the contrary.

to "create the risk of potentially inconsistent judgments." *Eteam, Inc. v. Hilton Worldwide Holdings, Inc.*, No. 15-5057 (WHW)(CLW), 2016 WL 54676, at *3 (D.N.J. Jan. 5, 2016) (denying motion for default judgment where allegations against defaulting and non-defaulting defendants were identical); and it further

**APPEARING** that Plaintiff seeks a default judgment for $90,000 of compensatory damages, $90,000 of liquidated damages, and an additional, undetermined amount that includes attorneys' fees and civil penalties. *See* Proposed Order for Default Judgment, D.E. 109-6. How Plaintiff arrived at the amount of her compensatory and liquidated damages, however, is not clear. It does not appear that the amount was ascertained through mathematical calculations, and Plaintiff fails to provide any documentary evidence to substantiate the amount. Before the Court enters judgment against Ray, Plaintiff must provide competent evidence to support her allegations as to damages. *See, e.g.*, *IBEW Local 351 Pension Fund v. George Sparks, Inc.*, No. 14-2149, 2015 WL 778795, at *2 (D.N.J. Feb. 24, 2015) (denying motion for default judgment and ordering plaintiff to submit "additional evidence in support of the calculation of damages"); *Mancuso v. Tyler Dane, LLC*, No. 08-5311 (JHR), 2012 WL 1536210, at *3 (D.N.J. May 1, 2012) (reserving decision on damages "because Plaintiffs lack sufficient evidentiary support to justify their damages); and it further

**APPEARING** that this matter involves multiple defendants. Default judgment has only been requested as to Ray, and the remaining defendants appear to be actively litigating this case. *See, e.g.* D.E. 113 (scheduling a settlement conference in June 2016). Moreover, it appears that Ray is somehow affiliated with the litigating defendants because Plaintiff alleges that Ray was an officer, director, member, owner, and/or shareholder of Defendants Hotel Executives Suites, Muer Management, Inc., and/or Compsolutions. SAC ¶ 28. Plaintiff also makes substantially similar

allegations as to all defendants. Consequently, even if Plaintiff had provided sufficient proof of her damages, entering a default judgment at this time would not be prudent due to the risk of potentially inconsistent judgments. Plaintiff should wait and re-file her motion for default judgment after this matter is resolved on the merits; therefore

For the foregoing reasons and for good cause shown

**IT IS** on this 26th day of May, 2016, hereby

**ORDERED** that Plaintiff's Motion for Default Judgment as to Mayank Ray, D.E. 109, is **DENIED** without prejudice.

_____
John Michael Vazquez, U.S.D.J.