UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

CLAUDIA BEJARANO,

    *Plaintiff*,

v.

RADISSON HOTELS INTERNATIONAL INC., *et al.*,

    *Defendants*.

Civil Action No. 12-7781

**ORDER**

**John Michael Vazquez, U.S.D.J.**

**THIS MATTER** comes before the Court by way of Plaintiff Claudia Bejarano's ("Plaintiff") unopposed motion for default judgment as to Defendant Mayank Ray ("Defendant"), D.E. 148; and it

**APPEARING** that even when a party is actually in default "the other side is not entitled to the entry of default judgment as of right, and the entry of such a judgment is left primarily to the discretion of the district court." *Sanchez v. Franzzano*, No. 15-2316, 2016 WL 2892551, at *1 (D.N.J. May 12, 2016); and it further

**APPEARING** that in evaluating whether to enter default judgment pursuant to Fed. R. Civ. P. 55(b), the court must determine whether (1) it has subject matter jurisdiction over the matter and personal jurisdiction over the parties, (2) the parties have properly been served, (3) the complaint sufficiently pleads a cause of action, and (4) the plaintiff has proven damages. *Days Inn Worldwide, Inc. v. Tulsipooja Hospitality, LLC*, No. 15-5576, 2016 WL 2605989, at *2 (D.N.J. May 6, 2016). The Court must also consider "(1) whether the party subject to default has a

1

meritorious defense, (2) the prejudice suffered by the party seeking default, and (3) the culpability of the party subject to default." *Animal Science Prods., Inc. v. China Nat'l Metals & Minerals Import & Export Corp.*, 596 F. Supp. 2d 842, 849 (D.N.J. 2008); and it further

**APPEARING** that the Court must accept all well-pleaded facts in the pleadings as true, except as to damages. *Chanel, Inc. v. Gordashevsky*, 558 F. Supp. 2d 532, 535-36 (D.N.J. 2008); *see also Int'l Union of Operating Eng'rs of E. Pa. & Del. Benefit Pension Fund. v. N. Abbonizio Contractors, Inc.*, 134 F. Supp. 3d 862, 865 (E.D. Pa. 2015). If damages are not mathematically computable or liquidated, a plaintiff must prove the damages sought. A court has discretion to hold a hearing to establish the plaintiff's damages or to rely on documentary evidence. *See Rainey v. Diamond State Port Corp.*, 354 F. App'x 722, 724 (3d Cir. 2009); *Comdyne I, Inc. v. Corbin*, 908 F.2d 1142, 1149 (3d Cir. 1990); *Malik v. Hannah*, 661 F. Supp. 2d 485, 490 (D.N.J. 2009); and it further

**APPEARING** that "[i]f a default is entered against some defendants in a multi-party case, the preferred practice is for the court to withhold granting default judgment until the action is resolved on its merits against the non-defaulting defendants." *Animal Science Prods., Inc.*, 596 F. Supp. 2d at 849; *see also* 10A Charles A. Wright et al, Fed. Prac. & Proc. § 2690 (3d ed. 2015) (when several defendants have closely related defenses "entry of judgment also should await an adjudication of the liability of nondefaulting defendants"). This is because courts do not want to "create the risk of potentially inconsistent judgments." *Eteam, Inc. v. Hilton Worldwide Holdings, Inc.*, No. 15-5057 (WHW)(CLW), 2016 WL 54676, at *3 (D.N.J. Jan. 5, 2016) (denying motion for default judgment where allegations against defaulting and nondefaulting defendants were identical); and it further

**APPEARING** that Plaintiff seeks a default judgment for $45,000 of compensatory damages, $45,000 of liquidated damages, and an additional, undetermined amount that includes attorneys' fees and civil penalties. *See* Proposed Order for Default Judgment, D.E. 148-6. How Plaintiff arrived at the amount of her compensatory and liquidated damages, however, is not clear. It does not appear that the amount was ascertained through mathematical calculations, and Plaintiff fails to provide any documentary evidence to substantiate the amount. While Plaintiff attaches a substantial amount of information regarding her income during the term of her employment, such information, on its face, does not explain the amount of damages sought. Before the Court enters judgment against Ray, Plaintiff must provide evidence to support her allegations as to damages. *See, e.g., IBEW Local 351 Pension Fund v. George Sparks, Inc.*, No. 14-2149, 2015 WL 778795, at *2 (D.N.J. Feb. 24, 2015) (denying motion for default judgment and ordering plaintiff to submit "additional evidence in support of the calculation of damages"); *Mancuso v. Tyler Dane, LLC*, No. 08-5311, 2012 WL 1536210, at *3 (D.N.J. May 1, 2012) (reserving decision on damages "because Plaintiffs lack sufficient evidentiary support to justify their damages"). Moreover, the Court raised this *exact* concern in addressing Plaintiff's prior motion for default judgment against Ray. *See* May 26, 2016 Order (D.E. 114) (finding that Plaintiff seeks "a default judgment for $90,000 of compensatory damages, $90,000 of liquidated damages" without explaining how she calculated that amount); and it further

**APPEARING** that this matter involves multiple defendants. Yet, Plaintiff only requests default judgment as to Ray, despite that Michele Melario and other unknown defendants (John Does 1-5, and ABC Corporations 1-5) appear to remain defendants in this case. Critically, Plaintiff alleges that Melario was her (Plaintiff's) supervisor at one/multiple of these companies, and it appears that Melario allegedly denied Plaintiff's request for medical leave and then terminated her

employment. *Id.* ¶ 29. Consequently, even if Plaintiff had provided sufficient proof of her damages, entering a default judgment at this time would not be prudent due to the risk of potentially inconsistent judgments. Plaintiff may re-file her motion for default judgment after this matter is resolved as to all other remaining defendants; therefore

For the foregoing reasons and for good cause shown

**IT IS** on this 1st day of June, 2018, hereby

**ORDERED** that for purposes of entering this order, the Court directs the Clerk of the Court to reopen this matter; and it is further

**ORDERED** that Plaintiff's motion for default judgment as to Mayank Ray, D.E. 148, is **DENIED** without prejudice; and it is further

**ORDERED** that if Plaintiff chooses to file a successive motion for default judgment against Mayank Ray, she must (1) sufficiently indicate how she calculated the amount of damages sought; and (2) wait until this matter is resolved as to all other remaining defendants; and it is further

**ORDERED** the Clerk of the Court shall close this matter.

_____
John Michael Vazquez, U.S.D.J.